Tony E. **ROBINSON**, Plaintiff,

v.

**FIKES OF ALABAMA, INC., and J.W. Brown, Defendants.**

Civ. A. No. 92–T–190–N.

United States District Court, M.D. Alabama, N.D.

June 2, 1992.

---

278

Keith A. Howard, Wetumpka, Ala., for plaintiff.

George B. Azar, Montgomery, Ala., for defendants.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Tony Robinson has brought this lawsuit against his employer, Fikes of Alabama, Inc., and the company's president, J.W. Brown, claiming that Fikes failed to provide Robinson with group medical insurance. Robinson rests his complaint on several theories of state law: breach of contract; negligence; and misrepresentation, deceit, and fraud. Robinson initially filed his lawsuit in the Circuit Court of Elmore County, Alabama, but Fikes and Brown removed the case to this court pursuant to 28 U.S.C.A. § 1441, contending that Robinson's action is "super-preempted" under the Employee Retirement Income Security Act, 29 U.S.C.A. §§ 1001–1461, commonly known as ERISA. The case is now before the court on Robinson's motion to remand. For the reasons set forth below, the court concludes that the motion should be denied.

### I.

Tony Robinson began working for Fikes of Alabama in April 1991. Under the terms of his employment contract, Fikes agreed to provide him with group medical insurance once he completed the 90–day probationary period and became a full-time employee.[1] Fikes provides group health insurance to its employees through the CRL Group Insurance Trust.

On Friday, August 30, 1991, after Robinson had become a non-probationary employee, he completed the application for enrollment in the company's CRL group insurance plan and submitted the application to Fikes. Fikes asserts that it mailed the application to CRL that same day. Two days later, however, before CRL received the application, Robinson was injured in an automobile accident. CRL has refused to pay the medical expenses Robinson incurred as a result of that accident on the ground that it did not receive his insurance application until September 5, 1991, and therefore had not approved the application or enrolled Robinson in the plan at the time of the accident.[2] According to the terms of the plan, "no insurance exists until and unless [the] employer receives an approval letter from CRL indicating coverage ... and the effective date."

Robinson does not appear to contest that, under the terms of the plan, he was not covered for the accident on September 1, 1991. Instead, he seeks recovery from Fikes and its president, J.W. Brown, on the ground that Fikes promised to provide him with group medical insurance once he became a full-time employee and yet failed to do so. Fikes and Brown contend that the insurance and employment contracts under which Robinson seeks to recover fall within the purview of ERISA and thus that Robinson's claims—for breach of contract, negligence, and misrepresentation, deceit, and fraud—must be resolved in federal court, applying federal law.

### II.

The question before the court is whether Robinson's lawsuit has been prop-

1. Specifically, the agreement provided as follows:
   "The CORPORATION will provide the following benefits to all full time employees:
   "1. Group medical insurance. CORPORATION will pay for the SERVICEPERSON and if SERVICEPERSON wants family coverage, SERVICEPERSON must pay the additional premium at the rate offered to the CORPORATION."

2. According to Fikes, CRL also contends that Robinson "was not working" on the day of the accident—a Sunday—and therefore was not covered by the plan.

erly removed to federal court as a case "arising under" the laws of the United States. 28 U.S.C.A. § 1441. Ordinarily, a cause of action arises under federal law only when the plaintiff's "well-pleaded complaint" raises a federal question. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–67, 107 S.Ct. 1542, 1548–49, 95 L.Ed.2d 55 (1987). The Supreme Court has determined, however, that the uniform regulatory scheme established by ERISA "so completely preempt[s]" the area of employee benefit plans that an ERISA preemption defense to a state-law claim provides a sufficient basis for removal of the lawsuit to federal court, notwithstanding the traditional limitation imposed by the well-pleaded complaint rule. *Id.* at 64–67, 107 S.Ct. at 1546–48; *see also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, ——, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990) (ERISA preemption constitutes exception to limitations of well-pleaded complaint rule); *Brown v. Connecticut Gen'l Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir.1991) (same). Thus, if Robinson's state-law claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision, 29 U.S.C.A. § 1144(a), and fall within the scope of the statute's civil enforcement provisions, 29 U.S.C.A. § 1132(a), these claims are preempted by ERISA and converted to federal questions, at least for the purposes of removal jurisdiction. *Metropolitan Life*, 481 U.S. at 60, 66, 107 S.Ct. at 1544, 1547–48; *Connecticut Gen'l Life*, 934 F.2d at 1196. Upon review of Robinson's claims, the court finds that both of these conditions have been satisfied.

### A. *Preemption*

■ ERISA's preemption clause explicitly preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C.A. § 1144(a) (emphasis added). In general, a particular state-law claim "relates to" an ERISA plan if the state-law claim has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The

Supreme Court has concluded that Congress intended these words to be given a broad construction, rejecting proposed preemption language that would have limited the application of the clause to state law claims bearing only upon the specific subjects covered by ERISA. *Ingersoll–Rand*, 498 U.S. at ——, 111 S.Ct. at 482. Moreover, a state law may be preempted even if it has only an indirect effect on benefit plans. *Id.* at ——, 111 S.Ct. at 483. However, if the state-law claim affects the plan in "too tenuous, remote, or peripheral a manner," the state claim does not "relate to" the plan. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. To determine whether Congress intended that ERISA preempt a particular cause of action, the court considers the statute's express objectives, its structure, and its interpretation by the courts. *FMC v. Holliday*, 498 U.S. 52, ——, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). Of course, an overarching consideration in the determination is that the preemption provision must be given a "common-sense" effect. *Metropolitan Life Ins. Co. v. Commonwealth of Massachusetts*, 471 U.S. 724 at 740, 105 S.Ct. 2380 at 2389, 85 L.Ed.2d 728 (1985).

Robinson raises two primary objections to the proposed preemption of his claims. First, he contends that his lawsuit does not "relate to" an ERISA plan and thus is not preempted by ERISA because, even assuming that the insurance provided to Fikes's employees through CRL is an ERISA plan, Robinson himself never became a participant of the plan. Second, he insists that his complaint lies not with the plan or its administration but with Fikes and Brown for failing to cause him to be covered by a plan, as they were required to do by the employment contract. Thus, according to Robinson, his claims relate only to the employment contract, not to the ERISA plan.

### 1. Is Robinson a "participant" in a "plan"?

■ It is unclear from Robinson's brief whether he agrees that the plan is an

ERISA plan.[3] Therefore, as a preliminary matter, the court considers whether the insurance benefits provided to Fikes's employees through CRL constitute an "employee welfare benefit plan" within the meaning of ERISA. The statute defines an "employee welfare benefit plan" as any plan, fund or program established or maintained by an employer or by an employee organization, or by both, for the purpose of providing certain listed benefits, including medical benefits, to participants or their beneficiaries. 29 U.S.C.A. §§ 1002(1), 1002(2)(A); *see also Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982). After reviewing those plan documents submitted by the parties, the court finds substantial evidence that the insurance provided through CRL meets the statutory definition of an employee welfare benefit plan: the plan is funded, and thus maintained, by Fikes for the purpose of providing health insurance benefits to its full-time employees and their beneficiaries. *Donovan*, 688 F.2d at 1371 (employer's purchase of group insurance policy provides "substantial evidence" that plan has been established). Absent a specific challenge by Robinson, this evidence is conclusive that the benefit plan falls within the coverage of ERISA.

■ Robinson also contends that his claims could not relate to an ERISA plan because he was not a "participant" in an ERISA plan at the time of his accident. According to the statute, however, the fact that Robinson's application had not yet been processed or approved is not determinative. Rather, "[t]he term 'participant' means any employee or former employee of an employer ... who is *or may become* eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C.A. § 1002(7) (emphasis added); *see also Willett v. Blue Cross & Blue Shield*, 953 F.2d 1335, 1342 (11th Cir.1992) (in order to sue under ERISA as "participant" of plan, plaintiff must be in, or reasonably expect to be in, covered employment and must "be or become" eligible to receive benefits). At the time of his accident, Rob-

inson was employed in a covered position full-time and could expect to become eligible for plan benefits once his application was approved. Robinson therefore meets the statutory definition of a "plan participant." Moreover, his claim directly implicates the relationship between two traditional ERISA parties: an employer and a plan participant. *See Hospice of Metro Denver, Inc. v. Group Health Ins.*, 944 F.2d 752, 755 (10th Cir.1991) (per curiam) (finding state-law claims which affect relations among employer, plan, plan fiduciaries, and beneficiaries are preempted); *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990) (fact that claim affects relationship between traditional ERISA entities constitutes key factor supporting preemption).

**2. Do Robinson's claims "relate to" the plan?**

■ Robinson nonetheless contends that his state law claims do not relate to Fikes's ERISA plan but to his own employment contract, and therefore do not fall within the scope of ERISA's preemption clause. In Robinson's view, Fikes's duty to arrange for his enrollment in the plan is governed by the employment contract, not by the plan language, and therefore raises state-law questions of contract interpretation. Similarly, he contends that his claims of negligence, fraud, deceit, and misrepresentation turn on a construction of the obligations that Fikes assumed under the employment contract.

In *Consumer Benefits Association v. Lexington Insurance Co.*, 731 F.Supp. 1510, 1515 (M.D.Ala.1990), this court sought to clarify the application of the Supreme Court's holdings on preemption by identifying three roughly-defined categories of cases in which the Court has found ERISA preemption. The court returns to that analytic framework here in order to better assess Robinson's claim. The first category of cases in which the courts have found preemption appropriate includes

**3.** *See* Plaintiff's Answer to Petition for Removal etc., filed Feb. 25, 1992 ("Even assuming that this case was an ERISA plan, ....").

those claims which address an area specifically regulated by ERISA. *Id.* at 1515. The second group includes those state law claims for which ERISA provides a specific avenue of relief. *Id.* The third category includes those state law claims which fit into neither of the previous groups but which either: specifically refer to and would affect an ERISA plan; would contravene the structure or purpose of ERISA; would require a construction of the benefit plan; or would mandate an interpretation of the statutory duties of one of the parties to the plan. *Id.; see, e.g., Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 7, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987) (court must consider underlying purpose of preemption provision and overall objectives of ERISA).

Robinson's claims fall within the third category of preempted claims identified in *Consumer Benefits,* because recognition of the claims would both contravene the structure or purpose of ERISA and would require a construction of the benefit plan. Congress intended that ERISA's preemption provision would promote the interests of employees and their beneficiaries by eliminating the threat of conflicting and inconsistent state laws and regulations. *Fort Halifax,* 482 U.S. at 9, 107 S.Ct. at 2216; *Consumer Benefits,* 731 F.Supp. at 1515. In addition, a broadly worded preemption provision was deemed essential to ensure the wide availability of employee benefits plans. *Id.* Congress feared that, in the absence of a uniform federal regulatory scheme, employers would be deterred from establishing benefits plans or would decide to offset the costs imposed by administrative burdens through lowering benefit levels. *Fort Halifax,* 482 U.S. at 10–11, 107 S.Ct. at 2217. The purpose of ERISA's preemption clause was therefore to encourage the formation of benefit plans by "minimiz[ing] the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll–Rand,* 498 U.S. at —, 111 S.Ct. at 484.

Here, Robinson claims that Fikes failed to "provide" him with insurance coverage.

Articulated more clearly, the charge is not that Fikes failed to establish a plan but that Fikes failed to ensure that Robinson's application for enrollment in the plan was completed and approved on the day Robinson first became eligible for group health insurance according to his employment contract. Robinson does not charge Fikes with any violation of the plan terms regarding enrollment; rather, he implicitly asks the court to find that these terms have been modified by his employment contract such that Fikes assumed sole responsibility for ensuring that Robinson's application was reviewed and approved by the plan on his 91st day of employment, regardless of whether Robinson had complied with the plan's enrollment procedures. While all this may be true, Robinson's state law claims still directly concern the terms of the plan, albeit as allegedly modified by the employment contract and by the relative duties of employee and employer regarding enrollment of new employees into the plan.

If these issues regarding plan enrollment procedures were litigated as questions of state law, state courts would be free to develop different substantive standards applicable to benefit plan enrollment procedures. The Supreme Court has repeatedly indicated, however, that ERISA's preemption clause should be applied to prevent the application of state laws that risk subjecting plan administrators to conflicting state regulations. *See, e.g., FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) (state law precluding reimbursement to insurer from claimant's tort recovery preempted); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (state law making unlawful plan provisions that discriminate on the basis of pregnancy preempted); *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) (state law prohibiting plans from reducing benefits by amount of worker's compensation benefits preempted). It is to be assumed that most plans, such as the one at issue here, have developed specific provisions regarding eligibility, enrollment, and approval of applications for insurance coverage. Requiring

employers to adapt their programs to differing state regulations regarding the enrollment of participants in the plan would preclude the operation of such plan-wide provisions and thus introduce considerable inefficiencies in benefit program operation. *Fort Halifax,* 482 S.Ct. at 9–12, 107 S.Ct. at 2216–17. Such an outcome would clearly be "fundamentally at odds" with the congressional goals of uniformity and efficiency.

Robinson's state-law claims must also be preempted because in order to calculate what, if any, damages Robinson incurred as a result of Fikes's alleged failure to ensure his enrollment in the plan, the court would first be required to determine whether Robinson's injury would have been covered under the terms of the CRL plan. If this accident did not fall within the scope of the policy coverage, Robinson suffered no loss by virtue of his untimely enrollment. Thus, the damages sought for the breach of contract, negligent failure. to provide insurance, and fraud, misrepresentation and deceit claims require a construction of the terms of the plan. Although an "incidental relation" between the damages sought and the terms of an ERISA plan would not necessarily require preemption, *see Memorial Hospital,* 904 F.2d at 247, 249–50, the relationship here reflects the fact that Robinson's claims are essentially ones to recover benefits under the plan, as it has been modified by his employment contract.

Finally and more specifically, that Robinson's claims are preempted is essentially dictated by the Supreme Court's decision in

*Ingersoll–Rand* and the Eleventh Circuit's decision in *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791 (11th Cir.1989). In *Ingersoll–Rand,* an employee charged that his employer had discharged him in order to avoid making contributions to an ERISA covered pension plan. In finding that the employee's state-law claims . of wrongful discharge were preempted by ERISA, the Supreme Court reasoned that, "in order to prevail, ... the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment" and that, as a result, "[b]ecause the court's inquiry must be directed to the plan, th[e] cause of action 'relate[s] to' an ERISA plan." 498 U.S. at ——, 111 S.Ct. at 483. Here, in order for Robinson to recover, this court must similarly find "that an ERISA plan exists" and the court's inquiry must be similarly "directed to the plan." *Id.* at ——, 111 S.Ct. at 483. In *Farlow,* two beneficiaries under an ERISA covered plan brought state-law claims charging that the insurer had fraudulently misrepresented that the plan provided maternity and pregnancy coverage. As did the Supreme Court in *Ingersoll– Rand,* the Eleventh Circuit found that the state-law claims were "intertwined with the refusal to pay benefits." 874 F.2d at 794. Here, for the reasons given above, Robinson's state-law claims are similarly "intertwined with the refusal to pay benefits." [4] *Id.* Robinson's claims therefore are preempted.[5]

### B. *Removal*

A federal court may exercise removal jurisdiction over a state-court suit

---

**4.** Robinson's reliance on *HealthAmerica v. Menton,* 551 So.2d 235 (Ala.1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990), is misplaced. Not only is the opinion at odds with the law of *Farlow* and *Ingersoll–Rand,* which is, of course, binding on this court, it appears that the Alabama Supreme Court has since implicitly rejected the opinion itself. *See Haywood v. Russell Corporation,* 584 So.2d 1291 (Ala.1991).

**5.** Robinson's claims could be interpreted to include also a charge that Fikes and Brown fraudulently induced him to enter into an employment contract through the promise of group health insurance. Although the damages he would seek under this theory would be indepen-

dent of the claims for denied benefits, the nature of the damages sought does not, without more, defeat preemption. In *Ingersoll–Rand,* the terminated employee sought future lost wages, recovery for mental anguish and punitive damages. The Supreme Court, finding no basis in the statute's language for limiting ERISA actions to only those which seek recovery of benefits and further finding the relief requested to be "well within the power of federal courts to provide," held that "it is no answer to a preemption argument that a particular plaintiff is not seeking recovery of [employee welfare or pension] benefits." *Id.* at ——, 111 S.Ct. at 486.

found to be preempted by ERISA only if the action itself falls within the scope of ERISA's civil enforcement provisions. *Metropolitan Life*, 481 U.S. at 64–65, 107 S.Ct. at 1547; *Connecticut Gen'l Life*, 934 F.2d at 1196. Robinson contends that his is not an enforcement action because he is content with the plan benefits and is merely suing his employer for additional monies based on a separate contract. The court concludes that, viewed from the standpoint of the federal regulatory scheme, Robinson's claims are that of a plan participant who seeks added benefits based on an alleged modification of the terms of the plan. As the Second Circuit recently recognized, a plan participant's attempt to recover additional or supplemental benefits from his employer "necessarily falls within the intended scope of the civil enforcement provisions of § 502(a)(1)(B)." *Smith v. Dunham–Bush*, 959 F.2d 6, 11 (2d Cir.1992). Removal of this action to federal court is therefore appropriate.

Robinson contends that even if his claims falls within the scope of ERISA, the court should grant his motion to remand because the state court may exercise concurrent jurisdiction over actions brought under ERISA. *See* 29 U.S.C.A. § 1132(e). By statute, however, a federal court will order remand of a case only where the removal is not proper because of a defect in the removal procedure or because the federal court itself lacks jurisdiction. 28 U.S.C.A. § 1447(c); *see also* 14A C.A. Wright, A.R. Miller, E.H. Cooper, Federal Practice & Procedure: Jurisdiction 2d ¶ 3739 (1985 & Supp.1992). As long as the federal court itself possesses jurisdiction over Robinson's suit, the fact that the state courts share concurrent jurisdiction over the action provides no support for Robinson's motion to remand.

### III.

In summary, the court finds that Robinson's state-law claims are preempted by ERISA and that this court may exercise removal jurisdiction over this action.

It is therefore ORDERED that the plaintiff Tony E. Robinson's motion to remand, filed on February 25, 1992, be and it is hereby denied.