Wallace **VAN GOSEN**, Plaintiff,

v.

**ARCADIAN MOTOR CARRIERS**, et al., Defendants.

Civ. A. No. 93–2160–GTV.

United States District Court, D. Kansas.

July 20, 1993.

Ronald P. Wood,. Gates & Clyde, Chartered, Overland Park, KS, Ruth M. Benien, Shetlar, Benien, Kaplan & Donham, Chtd., Kansas City, KS, for plaintiff.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

The court has under consideration plaintiff's Motion to Remand (Doc. 6) this case to the District Court of Wyandotte County, Kansas, from whence it was removed by the defendants. The motion is granted, and the case is remanded because the defendants' notice of removal was untimely filed.

This case was filed May 21, 1992, in the District Court of Wyandotte County, Kansas. When it was filed, plaintiff's petition claimed damages in excess of $10,000 without more detail. In response to a request by defendants, on July 2, 1992, in state court, plaintiff filed a statement of monetary damages in which $50,000 was requested. At that time the case was not removable because the requisite jurisdictional amount in a diversity of citizenship case had not been claimed by plaintiff. 28 U.S.C. § 1332.

At a pretrial conference in state court held on April 12, 1993, plaintiff was granted leave to amend his claim to $75,000, and on April 22, 1993, defendants filed their notice of removal of the case to this court. Defendants assert that the removal clock did not begin to run until the pretrial conference amendment of April 12, 1993.

Plaintiff contends that defendants' notice of removal was untimely because the defendants knew that the claim of plaintiff exceeded $50,000 as early as September 28, 1992, when plaintiff served interrogatory answers which itemized his damages at $52,-771.68. Plaintiff contends that the defendants gained further knowledge that his claim exceeded $50,000 on November 25, 1992, when his deposition was taken and he stated that he wanted to change his claim to more than $52,000.

Plaintiff argues that under these facts the defendants did not meet the requirements of 28 U.S.C. § 1446(b) which provides that a notice of removal must be filed within 30 days after receipt of an amended pleading, motion or "other paper" from which it may be ascertained that the case has become removable. The court agrees.

I conclude that the case became removable on September 28, 1992, when plaintiff served his interrogatory answers, and the defendants had 30 days from that date within which to file their notice of removal.

It is well settled that interrogatory answers may constitute the "other paper" necessary to give notice that the action has become removable. *Roberson v. Orkin Exterminating Co., Inc.,* 770 F.Supp. 1324 (N.D.Ind.1991). In addition to interrogatory responses, answers to questions put at depositions may be such "other papers." *Smith v. International Harvester,* 621 F.Supp. 1005, 1007 (D.Nev.1985). See also *Miller v. Stauffer Chemical Co.,* 527 F.Supp. 775, 778 (D.Kan.1981), and *Rollwitz v. Burlington Northern R.R.,* 507 F.Supp. 582, 588 (D.Mont.1981).

Inasmuch as defendants did not file their notice of removal until April 22, 1993, their

attempt at removal was long out of time, and the case must be remanded to the District Court of Wyandotte County, Kansas.

IT IS, THEREFORE, BY THE COURT ORDERED, that plaintiff's motion (Doc. 6) is granted, and the case is remanded to the District Court of Wyandotte County, Kansas.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.