This is an accelerated appeal from a judgment of the Lake County Court of Common Pleas. In this judgment, the trial court dismissed the complaint of appellant, the Lake County Employers' Health and Welfare Benefit Plan and Trust, on the ground that the court lacked subject matter jurisdiction.
Appellant, an employee benefit plan, was formed to provide welfare and health benefits to the employees of eligible member employers. The various benefits provided by appellant are covered by ERISA, the Employee Retirement Income Security Act of 1974, Section 1001 et seq., Title 29, U.S.Code.
In February 1989, appellant entered into a participation agreement with the Foremost Life Insurance Company Employer Trust. Pursuant to this agreement, an excess loss insurance policy was issued to appellant. As part of the agreement, the Foremost Life Insurance Company Employer Trust also obtained a policy from the Foremost Life Insurance Company. The obligations under the latter policy were subsequently assumed by appellee, the Fidelity Security Life Insurance Company prior to the event of this dispute.
The policy issued to appellant provided coverage for medical benefits paid by appellant to participants and their beneficiaries in excess of a $50,000 deductible per person. The terms of the policy further provided that the insurer, appellee, was not required to reimburse appellant for benefits paid to individuals who were not eligible participants in the welfare benefit plan.
Shortly after appellant became insured under the policy, the MacKenzie Nursery became an eligible employer under the welfare benefit plan. As a result, an employee of the nursery, Thomas Wolf, filed an application to participate in the plan. On his application, Wolf indicated that his wife, Susan Wolf, had *Page 811 
ulcerative colitis. Despite this, Wolf and his wife were accepted as a participant in the plan.
Approximately six months after this acceptance, Susan Wolf was diagnosed as having leukemia. As a result of the ensuing treatment of this disorder, appellant made payments to the Wolfs totalling $233,482.71. Of this amount, $216,379.30 was covered under the welfare benefit plan.
Following the payment of the benefits, appellant requested reimbursement under the excess loss policy from appellee. After appellee refused to do so, appellant initiated the instant action. Appellant's complaint set forth claims alleging breach of contract and bad faith on behalf of appellee in refusing to reimburse appellant under the policy. For relief, appellant sought both compensatory and punitive damages.[1]
In its answer, appellee asserted as a defense that it was not required to make the reimbursements because appellant had failed to require the Wolfs to submit evidence of insurability before their application to participate was accepted. Appellee also asserted that it was not required to pay under the policy because appellant had failed to follow the other requirement of its plan in determining whether the Wolfs were eligible to participate.
On the same date that it filed its answer, appellee moved the trial court to dismiss the action for lack of subject matter jurisdiction. As grounds for this motion, appellee argued that the central issue in the case, whether Susan Wolf should have been given coverage under the plan, was controlled by the federal statutes governing ERISA. Based upon this, appellee maintained that federal courts had exclusive jurisdiction over the action, i.e., appellee contended that appellant's claims were preempted by ERISA.
Once appellant had responded, the trial court issued its judgment granting appellee's motion. As the basis of its decision, the court stated:
"Upon evaluation of the matter presented herein, the Court finds that while [appellant's] position appears sound, the Complaint and the defense asserted herein are ultimately reliant upon the terms of the underlying ERISA plan which forms the basis of the contractual agreement between [appellant] and [appellee]. This is evidenced by the fact that resolution of the instant cause will necessitate reference to the qualifications of a plan participant whose claim was allegedly paid for by [appellant] and for which [appellant] now seeks reimbursement from [appellee]. Adjudication of the within case will also call into question alleged acts *Page 812 
and/or omissions in the administration of the ERISA plan by its fiduciaries forming the basis of [appellee's] defense for non-payment."
In appealing from this judgment, appellant assigns the following as error:
"The trial court erred in holding that the state common law claims of Plaintiff-Appellant Lake County Employers' Health 
Welfare Benefit Plan and Trust are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq."
In maintaining that the trial court had jurisdiction over the subject matter of this case, appellant has essentially raised four arguments for consideration. In order to properly address these arguments, it is necessary to first set forth the relevant provisions in ERISA.
In enacting ERISA, Congress sought to delineate detailed regulations designed to protect individuals who participate in employee benefit plans. These regulations cover such matters as the obligations of the fiduciaries of the plans and the remedies participants and beneficiaries can pursue in order to protect their rights. In addition, the Act delineates the types of plans to which the regulations apply. These include welfare benefit plans which provide medical coverage. See Pilot Life Ins. Co. v.Dedeaux (1987), 481 U.S. 41, 45-46, 107 S.Ct. 1549, 1551-1552,95 L.Ed.2d 39, 46-47, citing Sections 1001 and 1002, Title 29, U.S.Code.
One of the primary purposes behind the enactment of ERISA was to eliminate the possibility that employee benefit plans would be subject to conflicting state and local regulations. Id. at 46, 107 S.Ct. at 1552, 95 L.Ed.2d at 46. As a result, the Act contains a broadly worded preemption clause:
"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Section 1144(a), Title 29, U.S.Code.
The subsection following the preemption clause, subsection (b), is the saving clause of the Act. This subsection states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."
Consistent with Congress's intent, the United States Supreme Court has stated that the phrase "relates to" in the preemption clause must be interpreted broadly. As a result, the court has held that a state law will be considered to be preempted by ERISA if "it has a connection with or reference to" a benefit plan. Shaw v. Delta Air Lines, Inc. (1987), 463 U.S. 85, 96-97,103 S.Ct. 2890, 2900, 77 L.Ed.2d 490, 501. However, the Shaw
court also indicated that the preemption clause does not apply to all state laws; specifically, the court stated that some laws "may affect employee benefit plans in too tenuous, remote, or peripheral a *Page 813 
manner to warrant a finding that a law `relates to' the plan."Id. at 100, 103 S.Ct. at 2901, 77 L.Ed.2d at 503, fn. 21.
In its first argument under its sole assignment, appellant contends that the trial court erred in concluding that its state claims were preempted by ERISA because those claims were based upon state "laws" which do not relate to its benefit plan. Specifically, appellant maintains that the trial court had jurisdiction over this case because the relationship between the claims and the plan was too tenuous or remote to support the conclusion that the preemption clause applied. In support of this argument, appellant emphasizes the fact that the policy issued to it by appellee was a reinsurance contract, which was separate and distinct from the welfare benefit plan.
In support of its argument, appellant also cites the decision in Consumer Benefit Assn. of U.S. v. Lexington Ins. Co.
(M.D.Ala.1990), 731 F. Supp. 1510. Like the claims in this case, the claims in Consumer Benefit were predicated upon a "reinsurance" policy issued by an insurance company to a provider of a welfare benefit plan covered by ERISA. In concluding that the relationship between the state law claims and the plan was too tenuous to warrant preemption, the district court noted the following as to the nature of a reinsurance contract: (1) the reinsurance contract is totally unconnected to the original insurance contract, and does not give the original insured any rights against the reinsurance company; (2) the reinsurance company has no legal relationship to the welfare benefit plan; and (3) the decision to obtain reinsurance is a financial decision designed to stabilize the risk of the provider of the plan. Id. at 1513.
As part of its analysis, the Consumer Benefit court reviewed the various cases in which state laws have been found to be preempted under ERISA. The court found that these cases could be placed into one of three categories. The third category included those claims which were based upon state law that "specifically refers to and affects ERISA plans, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan." Id. at 1515.
The claims in Consumer Benefit were based upon allegations of breach of contract and fraud. Thus, as the claims in this case are similar to those in Consumer Benefit, it could be argued that the holding in Consumer Benefit would apply here. However, the foregoing quote from Consumer Benefit insinuates that even when the claims arise from a contract which is unrelated to the benefit plan, preemption might still be found if the resolution of those claims requires a court to interpret a plan or ERISA. We find it significant that this specific result was reached by the same district court in Robinson v. Fikes of Alabama, Inc.
(M.D.Ala.1992), 804 F. Supp. 277. *Page 814 
In Robinson, an employee sued his employer for failing to enroll him into the company's benefit plan. In arguing that his claims were not preempted under ERISA, the employee argued that his claims were predicated upon the employer's alleged failure to comply with its duties under his employment contract, not upon the duties set forth in the benefit plan. Despite this, the district court concluded that the claims were preempted: "[The employee's] claims fall within the third category of preempted claims identified in Consumer Benefits [sic], because recognition of the claims would both contravene the structure or purpose of ERISA and would require a construction of the benefit plan." Id. at 282.
As in Robinson, the resolution of the claims in this case would clearly require the trial court to construe the provisions of the welfare benefit plan. As was noted above, appellee's answer raised defenses concerning whether the correct procedures in determining evidence of insurability had been followed in accepting the Wolfs into the plan. If they were not, under the policy issued to appellant, appellee would not be required to reimburse appellant for the benefits paid to the Wolfs. Thus, pursuant to the logic in Robinson, appellant's claims are preempted because they "relate to" a welfare benefit plan.
Appellant submits that the preemption of its state law claims would not serve the purposes of ERISA. However, in Robinson, the district court correctly noted that one of the primary purposes behind the preemption provision was to encourage the uniform interpretation of both the plans and the regulations governing the plans. It would clearly defeat that purpose to allow state courts to rule upon questions as to whether a prospective plan participant was a beneficiary properly screened according to the plan guidelines and whether the participant subsequently should have been covered. Thus, this aspect of appellant's argument is likewise without merit.
In addition to arguing that the relationship between its state law claims and the benefit plan was too tenuous, appellant has also presented three other arguments pertaining to the preemption issue. First, appellant maintains that the savings clause in ERISA was applicable to its claims. As noted above, this clause essentially provides that the preemption clause does not apply to state laws which, inter alia, regulate insurance.
However, as appellee notes, courts have generally held that the savings clause only applies to laws which specifically relate to the insurance industry, as compared to general laws which can also be applied to insurance contracts. See, e.g.,Internatl. Resources, Inc. v. New York Life Ins. Co. (C.A.6 1992), 950 F.2d 294. Appellant's claims clearly fall within the latter category.
Second, appellant submits that its claims are not preempted because it is a multiple employer welfare arrangement. In support of this particular argument, appellant cites Section 1144(b)(6), Title 29, U.S. Code, which essentially provides *Page 815 
that in relation to multiple providers, the preemption clause does not apply to state laws which regulate insurance. Pursuant to the foregoing analysis, this argument is also without merit.
In its final argument, appellant argues that its claims should not be deemed preempted by ERISA because it would not be able to assert its claims in a federal court. In support of this point, appellant cites Section 1132, Title 29, U.S. Code, which sets forth the individuals who can bring a civil action under ERISA. Noting that appellee is not a party listed in the section, appellant contends that an action on its claims could not be brought in a federal court.
As to this point, it should be noted that Section 1132 only governs the parties who can bring the suit. Appellant's fiduciaries are clearly a party who can initiate an action. While appellant is correct in noting that appellee could not bring a suit under ERISA, there is nothing to prevent the plan's fiduciaries from naming appellee as a defendant. The effect of that point is not before this court under the particular facts of this case. Thus, appellant's final argument is without merit.
The judgment of the trial court is affirmed.
Judgment affirmed.
FORD, P.J., and NADER, J., concur.
[1] As part of its request for compensatory damages, appellant sought to recover the sum of $166,379.30. This figure was equal to the amount of payments which were covered under the plan, $216,379.30, less the per-person deductible of $50,000. This figure constituted the amount which appellant sought to recover under its breach of contract claim.