**Margaret WEBSTER, Plaintiff,**

**v.**

**DOW UNITED TECHNOLOGIES COMPOSITE PRODUCTS, INC., Defendant.**

**Civil Action No. 96–A–132–N.**

United States District Court, M.D. Alabama, Northern Division.

May 15, 1996.

Steven F. Schmitt, Tallassee, AL, for plaintiff.

David J. Middlebrooks, Steven M. Stastny, Birmingham, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

The plaintiff moves to remand this case on the basis that the defendant failed to remove it within the time prescribed by 28 U.S.C. § 1446(b). For the reasons set out below, the court finds that removal of this case was untimely and thus improper, and the case will be remanded to the state court.

### I.

On December 8, 1994, Margaret Webster ("Plaintiff") filed a complaint in the Circuit Court for Montgomery County, Alabama, against Dow–United Technologies Composite Products, Inc., ("Defendant"). The complaint alleges that Defendant violated Ala. Code § 25–5–11.1 (1992) by discharging Plaintiff from her employment because she filed a claim for worker's compensation benefits. Paragraph 11 of the complaint includes

as an element of Plaintiff's damages the "[l]oss of fringe benefits including medical expense insurance coverages ... for her and her children."

On August 15, 1995, in response to an interrogatory from the Defendant, the Plaintiff elaborated on the damages resulting from her loss of health insurance benefits:

As a result of the Defendant's actions, I lost medical insurance for myself and my son. In February, 1994, my 14 year old son suffered a bleeding ulcer. He spent 22 days in the hospital. Because of the Defendant's actions, I did not have medical insurance on my son and I am now $60,-000.00 in debt. If I had not been wrongfully terminated by the Defendant, I would have had insurance and only owe a small amount for my son's hospitalization.

On January 12, 1996, the Plaintiff's counsel explained in open court that, to prove these damages, Plaintiff must prove that Defendant's health insurance plan would have covered the child's medical expenses in the absence of Plaintiff's discharge.

■ According to the Defendant, Plaintiff's counsel's statements in court revealed for the first time the necessity of interpreting the health insurance plan—a plan regulated by the Employee Retirement Income Security Act of 1975, 29 U.S.C. § 1001 et seq. ("ERISA"). Consequently, on January 25, 1996, Defendant removed the case to this court on the basis of Plaintiff's counsel's statements, this court's decision in Robinson v. Fikes of Alabama, Inc., 804 F.Supp. 277, 282 (M.D.Ala.1992) (holding that ERISA preempts state law claims where, in order to determine damages, the court must first determine whether plaintiff's injuries were covered by an ERISA plan), and the jurisdiction granted this court by 29 U.S.C. § 1132(e)(1).[1]

On February 5, 1996, the Plaintiff filed a motion to remand asserting, among other

---

1. Section 1132(e)(1) grants district courts of the United States concurrent jurisdiction with the state courts to hear ERISA civil enforcement actions. State law claims that can be classified as an ERISA civil enforcement action, defined in 29 U.S.C. § 1132(a)(1)(B), are completely preempted by ERISA and are deemed federal causes of action for purposes of the well-pleaded

complaint rule. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Because removal of this case was untimely, the court expresses no opinion concerning the classification of this retaliatory discharge claim as an ERISA civil enforcement action.

arguments for remand,[2] that the removal was untimely. Plaintiff argues that her August 15, 1995, interrogatory answer plainly explains that she seeks compensation for paid medical expenses that, but for her discharge, would have been paid by Defendant's health insurance plan. She argues that this interrogatory answer notified the Defendant that her claim for damages entails proof that the plan covers her son's medical expenses. Thus, the argument continues, Defendant's removal in January of 1996 on a basis first available in August of 1995 is untimely.

Defendant responds that it timely removed the case within thirty days of the date that ERISA preemption first became an available basis of removal. The Defendant cites *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406–07 (11th Cir.1994), where the Eleventh Circuit held that "the mere fact that the plaintiffs' damages may be affected by a calculation of [ERISA] benefits is not sufficient to warrant preemption." The Defendant argues that, until the Plaintiff's counsel affirmatively put the terms of the ERISA plan at issue, Defendant reasonably believed *Forbus* to preclude ERISA preemption as a basis for removal.

## II.

### A.

■ Congress set out the procedure for removal in 28 U.S.C. § 1446. The second paragraph of § 1446(b) prescribes the time limit for removal of actions that could not be removed initially on the basis of the complaint:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

The plain purpose of this language "is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present." *Smith v. Bally's Holiday*, 843 F.Supp. 1451, 1454 (N.D.Ga.1994) (quoting *First National Bank v. Johnson & Johnson*, 455 F.Supp. 361, 362 n. 2 (E.D.Ark.1978), and collecting cases). A defendant can "intelligently ascertain" notice of the requisites of removability from either formal or informal "papers," *see id.*, and interrogatory answers have generally been recognized as "other papers" sufficient to trigger the running of the thirty day period. *See, e.g., Chapman v. Powermatic Inc.*, 969 F.2d 160 (5th Cir.1992); *Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D.Ky. 1982); *Van Gosen v. Arcadian Motor Carriers*, 825 F.Supp. 981 (D.Kan.1993).

■ As a general principle, the removal statutes are to be construed narrowly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Thus, even though § 1446's time requirement is not jurisdictional, *see, e.g., Mackay v. Uinta Development Co.*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983), the time requirement is mandatory and must be strictly applied. *See, e.g., Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982); *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D.Mich.1990); *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 206 (N.D.Ohio 1991). Timely objection to a late petition for removal will therefore result in remand. *St. Louis Home Insulators v. Burroughs Corp.*, 597 F.Supp. 98, 99 (E.D.Mo. 1984); *accord McCain v. Cahoj*, 794 F.Supp. 1061 (D.Kan.1992); *Flood v. Celin Jewelry, Inc.*, 775 F.Supp. 700 (S.D.N.Y.1991).

■ Finally, when a plaintiff questions the propriety of a defendant's removal petition,

---

2. Plaintiff contends that 28 U.S.C. § 1445(c), which prohibits removing from state courts those claims "arising under the workmen's compensation laws" of the state, mandates remand of the retaliatory discharge claim. In response, Defendant moves this court to certify to the Supreme Court of Alabama the question of whether Plaintiff's claim arises under Alabama's workers' compensation laws. Because the court finds that the removal was untimely, the court need not address these issues. The Defendant's Motion for Certification of Question of Law will therefore be denied as moot.

the defendant bears the burden of showing that removal was proper. *See, e.g., Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989); *York v. Horizon Fed. Sav. & Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La. 1989); *Kirby v. OMI Corp.,* 655 F.Supp. 219, 220 (M.D.Fla.1987); *Miller v. Stauffer Chem. Co.,* 527 F.Supp. 775, 777 (D.Kan.1981).

### B.

■ The court sympathizes with those who lose their way while attempting to navigate the jurisprudential swamp surrounding ERISA preemption. *Compare Forbus,* 30 F.3d at 1406–07 ("[T]he mere fact that the plaintiffs' damages may be affected by a calculation of pension benefits is not sufficient to warrant preemption.") *with Sanson v. General Motors Corp.,* 966 F.2d 618, 620 (11th Cir.1992) (holding that a state-law misrepresentation claim "relates to" an ERISA plan, and thus is preempted, because "[t]he measure of damages would be the amount of benefits [plaintiff] would have received under the retirement plan"); *compare Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 118, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (holding that only those former employees having a "reasonable expectation of returning to covered employment" or a "colorable claim to vested benefits" are "participants" as the term is defined in ERISA) *with Willett v. Blue Cross & Blue Shield of Alabama,* 953 F.2d 1335, 1342 (11th Cir.1992) (holding that a former employee qualified as a "participant" as defined by ERISA, and thus could bring an ERISA civil enforcement action, "even though he was never entitled to vested benefits under the terms of the [employer's] plan.") The court finds that in the case at bar, however, the Defendant's theory of ERISA preemption, right or wrong, became a basis for removal long before the Defendant removed the case.

The Defendant claims that *Forbus* precludes removal on the basis of ERISA preemption when a plaintiff simply claims lost pension or insurance benefits as an element of damages. On the other hand, the Defendant does not believe that *Forbus* precludes ERISA preemption when the plaintiff's claim for damages necessitates construing the terms of the ERISA plan providing the benefits, citing this court's decision in *Robinson* finding ERISA preemption on precisely this rationale.[3]

Accepting the Defendant's distinction, the court finds that Plaintiff's interrogatory answer in August of 1995 revealed that Plaintiff's claim for damages requires the interpretation of Defendant's employee health insurance plan. She explicitly stated her theory of recovery in her answer: "If I had not been wrongfully terminated by the Defendant, I would have had insurance and only owe a small amount for my son's hospitalization." Obviously, in order to establish that these medical expenses are "damages" flowing from the wrongful discharge, Plaintiff must prove that, but for the wrongful discharge, she would not have incurred these expenses. Thus, to prove the necessary causal relationship between these damages and her alleged wrongful discharge, Plaintiff must prove that her son's medical expenses would have been covered by the Defendant's employee health insur-

---

3. The distinction is not without logic: A wrongfully discharged plaintiff who loses the security of health plan coverage loses a certain value regardless of whether the plaintiff ever actually becomes sick, as demonstrated by the fact that perfectly healthy employees often pay a copayment to participate in such plans. A damage remedy designed to make the plaintiff whole should compensate for this loss. The measurement of the loss depends in part on the scope of the plan's coverage—plans providing greater coverage are more valuable to the participants than those providing less coverage. This consideration, however, is already factored into the amount paid for the plan, so that a plaintiff's damages may be calculated simply by assessing the price paid for the plan, without construing the plan itself. Calculation of these damages requires no determination of precise coverage issues and therefore creates no binding precedent on ERISA plan administrators. Thus, ERISA's goal of uniform regulation of employee benefit plans does not appear to warrant preemption, and other considerations such as federal-state comity come into play. Conversely, where a plaintiff's state-law claim requires judicial resolution of precise coverage issues, the opposite is true, and ERISA's goal of uniform regulation mandates preemption by federal law, although only partial preemption may be necessary.

ance plan. This conclusion can be "intelligently ascertained" fairly easily from the August 15, 1995, interrogatory answer.

Since the Defendant removed the case in January of 1996, more than thirty days past the time that Defendant's basis for removal could be ascertained from the interrogatory answer, the removal did not occur within the time constraints set out in 28 U.S.C. § 1446(b). Accordingly, the court ORDERS as follows:

(1) The Defendant's Motion for Certification of Question of Law is DENIED;

(2) The Plaintiff's Motion to Remand is GRANTED, and this case is remanded to the Circuit Court of Montgomery County, Alabama;

(3) The Plaintiff's request for costs and attorney's fees is DENIED;

The court ORDERS the Clerk to take appropriate action to effect the remand.