James L. STONEMAN and Lisa M. Stoneman, Plaintiff,

v.

**GENERAL MOTORS CORPORATION and John Doe, Defendant.**

No. CIV.A. 97–2428–GTV.

United States District Court, D. Kansas.

Oct. 10, 1997.

John E. Luther, III, Luther & Luther, Westwood, KS, for Plaintiff.

Marc K. Erickson, Lathrop Gage L.C., Overland Park, KS, Brian J. Madden, Lathrop & Gage L.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiffs bring this suit for damages alleging that a collision between a cart and a forklift at the General Motors plant in Kansas City, Kansas injured plaintiff James L. Stoneman. The case is before the court on plaintiffs' motion (Doc. 4) to remand the action to state court. For the reasons set forth below, the court grants the motion to remand.

Plaintiffs originally filed the action in the District Court of Wyandotte County, Kansas on August 5, 1997. In the petition, plaintiffs requested damages "in an amount exceeding ten thousand dollars." The petition alleges that the cart/forklift collision caused numerous injuries to plaintiff James Stoneman, who was riding in the cart, and his wife, plaintiff Lisa Stoneman.

Defendant General Motors Corporation removed the action to this court on August 29, 1997. The notice of removal alleged only that plaintiffs "seek an unspecified judgment exceeding ten thousand dollars" and that "[t]his Court has original jurisdiction over this civil action under section 1332 because the matter in controversy is between citizens of different states." Nowhere in the notice of removal does General Motors allege that the requisite amount in controversy is met.

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Plaintiffs filed their motion to remand, on September 4, 1997, within 30 days of the filing of the notice of removal. Plaintiffs contend that plaintiffs' petition does not allege damages exceeding $75,000.00 and General Motors' notice of removal fails to "state or allege that the matter in controversy exceeds the sum or value of $75,000.00, as required by Section 1332."

"[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). The removing party bears the burden of pleading in the notice of removal the underlying facts supporting subject matter jurisdiction. *Id.* If jurisdiction is allegedly based on 28 U.S.C. § 1332, then "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Id.*

*Laughlin* is controlling here. In *Laughlin*, the petition merely alleged that "the amount in controversy is in excess of $10,000." *Id.* Further, "[t]he notice of removal [did] not refer to an amount in controversy." *Id.* Thus, the court lacked subject matter jurisdiction. *Id.* at 874. In this case, the same circumstances exist because neither the petition nor the notice of removal allege the requisite amount in controversy.

Even if General Motors had adequately alleged the requisite amount in controversy in its notice of removal, the court finds that subject matter jurisdiction would be lacking based on the record now before the court. Section 1446 provides:

[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, . . . .

28 U.S.C. § 1446(b) (emphasis added). Here, the initial pleading does not state a removable case. *See Van Gosen v. Arcadian Motor Carriers*, 825 F.Supp. 981, 982 (D.Kan.1993). If General Motors ascertains

through discovery that the requisite jurisdictional amount exists, then it would have thirty days, from the date on which General Motors received such discovery, to file a notice of removal because such discovery would constitute other paper indicating the removability of the case. *See* § 1446(b); *Van Gosen*, 825 F.Supp. at 982. Until that time, removal remains improper because subject matter jurisdiction is lacking.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion (Doc. 4) to remand is granted, and the case is remanded to the District Court of Wyandotte County, Kansas.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**