**Julian L. McPHILLIPS, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD, OF ALABAMA, Defendant.**

No. Civ.A. 99–A–1313–N.

United States District Court, M.D. Alabama, Northern Division.

Jan. 10, 2000.

Julian L. McPhillips, Montgomery, AL, pro se.

Joseph C. Guillot, McPhillips, Shinbaum & Gill, Montgomery, AL, for plaintiff.

William Inge Hill, Jr., Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand filed by the Plaintiff, Julian L. McPhillips ("McPhillips"), on November 30, 1999. The Plaintiff originally filed this action on October 13, 1999, in the District Court of Montgomery County, Alabama. The Defendant, Blue Cross and

Blue Shield of Alabama ("BCBS") filed a Notice of Removal on November 2, 1999.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. *FACTS*

McPhillips was insured under a group health insurance plan issued by BCBS to McPhillips, Shinbaum & Gill, L.L.P. He received treatment for a back condition and was administered Colchicine injections and Prolotherapy as part of his treatment by Dr. Teresa Allen. McPhillips' medical bills for these treatments totaled $950. *See* Complaint ¶ 5. He submitted his claim to BCBS for this treatment. BCBS reviewed the treatment and denied McPhillips' claims based on an exclusion in his policy for procedures that "do not meet generally accepted standards of medical practice." *See* Def.Br. at 2. Dr. Patrick E. Ryce, BCBS Senior Vice President and Medical Director, notified McPhillips of BCBS's decision to deny the claim.

McPhillips filed suit alleging breach of contract and is seeking $950, the amount of his claim that was denied by BCBS. This suit is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., because McPhillips' health plan with BCBS was an Employee Welfare Benefit Plan, 29 U.S.C. § 1003(a).

## III. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is

not absolutely clear. *See Burns,* 31 F.3d at 1095.

## IV. *DISCUSSION*

■ Section 1132(e), United States Code, Title 29, describes the jurisdiction for ERISA claims brought by an individual. It states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant.... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e) (1999). Section 1132(a)(1)(B) states that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." McPhillips is seeking to recover a benefit he believes is due to him under his plan. Consequently, his claim is governed by § 1132(a)(1)(B) and state court and federal court have concurrent jurisdiction over his claim.

McPhillips makes two arguments to support his contention that this case should be remanded to state court. First, McPhillips argues that Montgomery County District Court has competent jurisdiction over the case and thus, the case should remain there. *See* Pl.Br. ¶ 10. Removing the case to federal court, according to McPhillips, "will only increase the time and the costs associated with litigating this case." *See id.* ¶ 9. Second, relying on *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Blue Cross and Blue Shield v. Weiner,* 868 F.2d 1550 (11th Cir.1989), McPhillips argues that this court should abstain from exercising jurisdiction over this case under the abstention doctrine. *See id.* ¶¶ 11 & 13.

BCBS argues that where a district court has concurrent jurisdiction with a state court, as is the case with a claim for ERISA benefits, the district court cannot remand the case if the proper procedure for removal of the case was followed. Citing to *Mercy Hospital Association v. Miccio*, 604 F.Supp. 1177 (E.D.N.Y.1985), BCBS alleges that there is no express bar to removal in 29 U.S.C. § 1132(a)(1)(B) and, therefore, the district court does not have discretionary power to remand the case. *See* Def.Br. at 3. Further, BCBS argues that "the very purpose and effect of removal statues are to limit a plaintiff's discretion in choosing where to bring his suit." *See id.* at 4 (citing *White v. Enron Corp. Merger Severance Plan*, 686 F.Supp. 582, 583 (N.D.Texas 1988)). Accordingly, BCBS argues that it should have the right to remove this case to federal court.

BCBS properly reasons that the existence of concurrent jurisdiction does not require remand to state court. The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal. *See* 28 U.S.C. §§ 1441–1450. The courts cannot reasonably construe the exception under subsection 1132(a)(1)(B) from exclusive federal jurisdiction to mean that it bestows on plaintiff an irrevocable choice of forum. The removal statutes by their very nature take away a plaintiffs power to choose his forum in limited cases and defendants have an absolute right to remove cases over which a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441. Thus, by statute a federal court will order remand of a case only where the removal is not proper because of a defect in the removal procedure or because the federal court itself lacks jurisdiction. *See* 28 U.S.C.A. § 1447(c); *see also* 14A C.A. Wright, A.R. Miller, E.H. Cooper, Federal Practice & Procedure: Jurisdiction 2d ¶ 3739 (1985 & Supp.1992). Here, the federal court has federal question jurisdiction, since the action arises under the laws of the United States. *See* 28 U.S.C. § 1331. As long as this federal court itself possesses jurisdiction over McPhillips' suit, the fact that the state courts share concurrent jurisdiction over the action provides no support for McPhillips' motion to remand. *See, e.g., Robinson v. Fikes of Alabama, Inc.*, 804 F.Supp. 277, 284 (M.D.Ala.1992) (Thompson, J.). Consequently, although McPhillips could file this case in state court, he has not provided this court a valid reason to remand the case.

■ Moreover, McPhillips improperly cites to the abstention doctrine in support of his argument that this court should remand this case. McPhillips relies on *Weiner* to argue that this court should abstain from hearing this case. The facts of *Weiner*, however, are completely dissimilar from the facts of the present case. In *Weiner*, the case had been litigated in Florida state court and was on appeal to a Florida appellate court. *See Weiner*, 868 F.2d at 1552. During this time Blue Cross and Blue Shield of Maryland filed suit in the federal district court in Florida to enjoin the plaintiffs and to enforce the Florida state court's judgment. *See id.* The Eleventh Circuit affirmed the Florida district court's act of abstention. *See id.* at 1556. In the present case, however, the state court has not heard the case. BCBS removed this case after it was filed in state court. BCBS is not seeking a review of a state court decision. Consequently, this court finds McPhillips' argument unpersuasive and without merit. *Cf. Brown v. Connecticut General Life Insurance Co.*, 934 F.2d 1193, 1196 n. 6 (11th Cir.1991). Accordingly, McPhillips' Motion to Remand is due to be DENIED.

## V. *CONCLUSION*

While McPhillips may be correct in arguing that removal to federal court will increase the time and expense of litigating this $950 claim, his argument is unavailing. BCBS has a legal right to have this claim, which is governed by federal law, adjudicated in a federal court, if it chooses to do so. Therefore, it is hereby ORDERED

that Plaintiff's Motion to Remand is DENIED.