**Tommy C. NEWMAN, Plaintiff,**

v.

**SPECTRUM STORES, INC., Protective Life Insurance Company, et al., Defendants.**

**Spectrum Stores, Inc., Third Party Plaintiff,**

v.

**Cma Agency, Inc., Third Party Defendant.**

No. CIV.A. 00–A–720–E.

United States District Court, M.D. Alabama, Eastern Division.

Aug. 30, 2000.

Linda D. Benson, Linda D. Benson, PC, East Tallassee, AL, Walter E. McGowan, Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, AL, for Tommy C. Newman, plaintiffs.

Joseph L. Waldrep, Neal J. Callahan, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, GA, W. Michael Atchison, Anthony C. Harlow, Allan R. Wheeler, Starnes & Atchison, Birmingham, AL, for Spectrum Stores, Inc., Protective Life Insurance Company, defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This matter is before the court on Plaintiff's Motion to Remand (doc. # 9) and Amended Motion to Remand (doc. # 17). Defendants Spectrum Stores, Inc. ("Spectrum") and Protective Life Insurance Co. ("Protective Life") have filed Responses to Plaintiff's Motion to Remand. Protective Life has also filed a Motion to Amend Notice of Removal (doc. # 19), which the court will grant. After considering the pleadings and briefs of counsel, the court concludes that it should remand this action to state court.

## II. FACTS

Tommy Newman ("Plaintiff") originally filed the Complaint in this case on May 1, 2000, in the Circuit Court for Macon County, Alabama. In the Complaint, the Plaintiff brings claims against the Defendants for failure to procure, fraud, outrageous conduct, breach of fiduciary duty, conversion, and breach of contract. All of these claims are in reference to a cancer insurance policy, which Plaintiff alleges he attempted to obtain through Spectrum, his employer. Protective Life is the insurance carrier involved in this dispute. Spectrum has cross-claimed against Protective Life and filed a Third–Party Complaint against CMA Agency, Inc. ("CMA"), an outside agency used by Spectrum to administer some of Spectrum's employee programs.

Protective Life was served with the circuit court Summons and Complaint on May 3, 2000, and Spectrum was served with the same on May 4, 2000. Protective Life filed its Notice of Removal with this court on June 2, 2000. Spectrum filed its Consent to Removal on July 11, 2000, sixty-nine days after Protective Life was served in the state court. Defendants claim that this court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff contends that this case was improperly removed, and should be remanded, because all served Defendants did not join in the removal within the time required by 28 U.S.C. § 1446.

## III. REMAND STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994); Wymbs v. Republican State Exec. Comm. of Fla., 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitu-

tion or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## IV. *DISCUSSION*

Title 28 U.S.C. Section 1446 sets forth the proper procedure for removal of a case from state to federal court. A defendant, or defendants, desiring to remove a civil action, must file a notice of removal, together with all process, pleadings, and orders served upon such defendant or defendants, in the appropriate United States District Court. *See* 28 U.S.C. § 1446(a). Such notice of removal must be signed pursuant to Rule 11. *Id.* The removal statute mandates that where the case stated by the initial pleading is removable:

> [t]he notice of removal of a civil action or proceeding **shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.**

28 U.S.C. § 1446(b) (emphasis added).

■ A court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty. *See Adams v. Aero Services Int'l, Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987); *see also York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989). This is a central concept of federalism. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249 (11th Cir.1985). Failure to comply with

the requirements of the removal statute generally constitutes adequate grounds for remand. *See Adams*, 657 F.Supp. at 521; *accord Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 126–27 (5th Cir.1982) (When a defendant fails to timely file his petition seeking removal, remand of the case to state court is required). When a plaintiff questions the propriety of a defendant's removal petition, the defendant bears the burden of showing that the removal was proper. *See, e.g., York*, 712 F.Supp. at 86; *Webster v. Dow*, 925 F.Supp. 727, 729 (M.D.Ala.1996); *Kirby v. OMI Corp.*, 655 F.Supp. 219, 220 (M.D.Fla. 1987).

### A. *Unanimity of Defendants*

■ "As a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982). Unanimity among the defendants must be expressed to the court "within thirty days after the receipt by the defendant ... of the copy of the initial pleading" containing the removable claim. 28 U.S.C. § 1446(b). This time limitation is not jurisdictional and may be waived by the plaintiff. *See Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir.1988). Nevertheless, the time limitation is mandatory and "must be strictly construed." *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1076 (E.D.Wis.1993); *see also Webster*, 925 F.Supp. at 729.

■ The facts indicate that only counsel for Protective Life signed the original Notice of Removal filed on June 2, 2000. That filing was timely, but the Consent to Removal filed by Spectrum on July 11, 2000 clearly was not. Protective Life and Spectrum argue that this is irrelevant because Protective Life recited in its Notice of Removal that Spectrum consented to

removal.[1]

There is some support for the Defendants' argument. *See, e.g., Jasper v. Wal–Mart Stores, Inc.,* 732 F.Supp. 104, 105 (M.D.Fla.1990) ("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants."). However, the greater weight of authority is against the Defendants. "[T]he majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder." *Production Stamping Corp.,* 829 F.Supp. at 1078; *see also Miles v. Kilgore,* 928 F.Supp. 1071, 1076 & 1077 n. 6 (N.D.Ala.1996) (reciting and adopting relevant caselaw). As this court noted in *Yazdtchi v. Khademi,* No. 95–A–216–N, 1995 WL 131762, at *4 (M.D.Ala. March 23, 1995), "[c]ourts interpreting the removal statute in cases involving multiple defendants consistently require all served defendants to join in or consent to the removal petition within thirty days of service." There must be some "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.,* 841 F.2d at 1262 n. 11. There is good reason for this requirement.

> By requiring each defendant to formally and explicitly consent to removal, one defendant is prevented from choosing a forum for all... 'To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.' ... One of the primary reasons that separate parties have separate counsel is so that

each can independently present their position to the court... Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.

*Production Stamping Corp.,* 829 F.Supp. at 1076–77 (citations omitted).

The majority rule then, in its most basic form, is that "[i]t is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal." *Wakefield v. Olcott,* 983 F.Supp. 1018, 1021 (D.Kan.1997) (quoting *Henderson v. Holmes,* 920 F.Supp. 1184, 1187 (D.Kan.1996)). In the absence of binding precedent from the Supreme Court or from the Eleventh Circuit, this court is persuaded by the majority position adopted by the above-mentioned courts, which include the Fifth Circuit Court of Appeals. *See Getty Oil Corp.,* 841 F.2d at 1262 n. 11.

In its timely Notice of Removal, Protective Life informs the court that "[a]ll named and served Defendants have consented to and join in the removal of this action ..." Notice of Removal at ¶ 1. This filing was inadequate as to Spectrum. Spectrum did not file its Consent to Removal until July 11, 2000. A consent to removal must be filed within thirty days after the first defendant is served. *See Schwartz v. FHP Int'l Corp.,* 947 F.Supp. 1354, 1363 (D.Ariz.1996). Protective Life was served on May 3, 2000, sixty-nine days before Spectrum's Consent to Removal was filed. Neither the late filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect. Consequently, the unanimity rule has been violated.

---

**1.** *See* Notice of Removal at ¶ 1 ("All named and served Defendants have consented to and join in the removal of this action to the United States District Court for the Middle District of Alabama.").

### B. *Motion to Amend Notice of Removal*

██ Protective Life requests permission at this time to amend its Notice of Removal to "set forth more specifically allegations of jurisdiction ..." (doc. # 19). Protective Life now argues that they alone should be allowed to remove the claims made against them, under 28 U.S.C. § 1441(c). The court observes that the notice of removal required by section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal. After that time, the notice of removal may be amended "only to set forth more specifically grounds for removal which were imperfectly stated in the original petition." *American Educators Fin. Corp. v. Bennett,* 928 F.Supp. 1113, 1115 (M.D.Ala. 1996); *see also* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 at 358 (3d ed.1998).

Section 1441(c) provides in full:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine the issues therein, or in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Protective Life relies on section 1441(c) because it is one of the few exceptions that exist to the general rule requiring all defendants to timely join in or consent to a notice of removal. *See* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3731 at 267 (3d ed.1998). Therefore, if Protective Life's argument is meritorious, the fact that Spectrum's Consent to Removal was not timely will no longer be dispositive as to Protective Life.

In *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court set out the following test for ascertaining when claims are not "separate and independent" for purposes of section 1441(c): "Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)"; *accord In re City of Mobile,* 75 F.3d 605, 608 (11th Cir.1996). In short,

[W]hat [is] determinative [is] ... the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. Thus, the issue is not whether there is more than one cause of action. Rather the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the same underlying harm.

*Rey v. Classic Cars,* 762 F.Supp. 421, 424 (D.Mass.1991) (citing *New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.,* 658 F.2d 867, 872 (1st Cir. 1981)).

██ In this case, although Plaintiff asserts several causes of actions against both Spectrum and Protective Life, the claims directed against Protective Life do not constitute "separate and independent claims" under 28 U.S.C. § 1441(c). Plaintiff alleges a single wrong (failure to provide insurance coverage). Each claim against each defendant is based on the same identical facts. Accordingly, section 1441(c) is inapplicable to this case.

### V. *CONCLUSION*

The court finds that Spectrum's Consent to Removal was untimely and that under section 1446(a)-(b) Protective Life's petition for removal is procedurally defective in that unanimity has not been timely achieved. Furthermore, this court finds that Plaintiff's claims against Protective Life are not removable as "separate and

independent claims" within the meaning of section 1441(c). For the reasons stated above, Plaintiff's Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion issued on this day, it is hereby ORDERED as follows:

1. Defendant, Protective Life's, Motion for Leave to Amend Notice of Removal is GRANTED.

2. Plaintiff's Motion for Leave to File Reply Brief is GRANTED.

3. Plaintiff's Motion to Strike Affidavit of Robert D. Holcomb and Defendant, Protective Life's, Motion to Strike Affidavit of Tommy C. Newman are DENIED as moot.

4. The Plaintiff's Motion to Remand and Amended Motion to Remand are GRANTED.

5. This cause is hereby REMANDED to the Circuit Court of Macon County, Alabama.

6. The clerk is DIRECTED to take all steps necessary to effect this remand.

7. All other pending motions will be left for disposition by the Circuit Court of Macon County, Alabama.