Nathan JERRELL, Plaintiff,

v.

KARDOES RUBBER COMPANY, INC., Michael Ogletree, Jr., H. Frank Kardoes, and Edwards Manufacturing Company, Defendants.

Civil Action No. 03–M–1126–E.

United States District Court,
M.D. Alabama,
Eastern Division.

March 22, 2004.

---

25. See Watson v. Beckel, 242 F.3d 1237 (10th Cir.2001).

26. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Randall Stark Haynes, Morris, Haynes & Hornsby, Alexander City, AL, for Plaintiff.

Judith E. Dolan, Clark Dolan Morse Oncale & Hair PC, Birmingham, AL, Phillip E. Adams, Jr., Adams Umbach Davidson & White LLP, Opelika, AL, for Defendant.

Edwards Manufacturing Company, Albert Lea, MN, pro se.

## ORDER

McPHERSON, United States Magistrate Judge.

The plaintiff, Nathan Jerrell ["Jerrell"] filed a suit against the defendants in the Circuit Court of Chambers County on 10 October 2003, where he resides. The defendants, Kardoes Rubber Company, Inc. ["Kardoes Rubber"], Michael Ogletree, Jr. ["Ogletree"], H. Frank Kardoes ["Kardoes"], and Edwards Manufacturing Company ["Edwards Manufacturing"][collectively referred to as "the defendants"], filed a Notice of Removal in this court on 17 November 2003 (Doc. # 1). At issue is whether jurisdiction over this case is proper in this court.

## I. PROCEDURAL HISTORY AND FACTS

Jerrell asserts claims of negligence and/or wantonness, co-employee liability, liability of Edwards Manufacturing pursuant to the Extended Manufacturer's Liability Doctrine, and breach of warranty (Doc. # 1, Exhibit A, Complaint) against the defendants. Kardoes Rubber is an Alabama corporation actively doing business through agents in the State of Alabama. (Doc. # 1, p. 2). Edwards Manufacturing is a Minnesota corporation actively doing business in the State of Minnesota (Doc. # 1, p. 2). Ogletree is a resident of the State of Alabama and Kardoes is a resident of the State of Georgia (Doc. # 1, p. 2). At all times pertinent hereto, Jerrell has been and continues to be a resident of Chambers County, Alabama (Doc. # 1, p. 1).

This case is now before the court on Jerrell's Motion for Remand due to defective removal, filed on 16 December 2003 (Doc. # 4) and supplemented on the additional ground of lack of subject matter jurisdiction for want of complete diversity, as filed on 14 January 2004 (Doc. # 7). His supporting memorandum was also filed on 14 January 2004 (Doc. # 8). The Defendant's Opposition to Plaintiff's Motion to Remand was filed on 16 January 2004 (Doc. # 10), and was supplemented by another pleading filed on 25 February 2004 (Doc. # 17). Upon consideration of the pleadings and the record in this case, and for the reasons that follow, the court finds that the Plaintiff's Motion for Remand should be GRANTED.

## II. THE PARTIES' POSITIONS

The plaintiff has asserted the following contentions:

1. At the time Kardoes Rubber, Ogletree, and Kardoes filed its Joint Notice of Removal in this court, Edwards Manufacturing had not consented to removal. Furthermore, Edwards Manufacturing's eventual consent to removal was untimely and, therefore, the case is due to be remanded to the Chambers County Circuit Court (Doc. # 4, p. 2).

2. The case should be remanded for a lack of subject matter jurisdiction, because there is not complete diversity between the parties. Particularly, three of the defendants are residents of the State of Alabama, and the plaintiff is a resident of the State of Alabama (Doc. # 7, p. 2).

In response, the defendants have asserted the following contentions:

1. Plaintiff has fraudulently joined Kardoes Rubber and Ogletree for the sole purpose of defeating diversity jurisdiction and he cannot adequately make a case against either. Therefore, they should be disregarded as defendants for the sake of determining diversity (Doc. # 17, pp. 1, 10).

2. Plaintiff's claim against Kardoes Rubber is not grounded in tort, but rather, within the framework of the Alabama Workers' Compensation Act (Doc. # 17, p. 3). Plaintiff currently has a workers' compensation lawsuit pending in the Chambers County Circuit Court against Kardoes Rubber (Doc. # 17, p. 3).

3. Plaintiff cannot sustain a claim against Ogletree under Alabama's co-employee statute, because he cannot adequately prove his case under the substantive law (Doc. # 17, p. 4).

## III. DISCUSSION

### A. Standard of Review

The general removal statute, 28 U.S.C. § 1441(a) & (b), permits removal of any case over which the district court has original jurisdiction. Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Accordingly, a lawsuit filed in state court may be removed to federal court based on either diversity or federal question jurisdiction. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998).[1]

The party seeking removal has the burden of establishing federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand.[2] Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). While the court must take care not to deprive a defendant of his right to a federal forum if that right exists, the court must also be mindful of

1. Federal question jurisdiction exists if the plaintiff's suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

2. Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. Burns, 31 F.3d at 1095. A defendant may submit affidavits, depositions, or other evidence to support removal. See Lott v. Metropolitan Life Ins. Co., 849 F.Supp. 1451, 1452 (M.D.Ala.1993).

two other critical concerns: (1) The court's need to control its caseload, and (2) The principle that the plaintiff is master of his complaint. *Id.*

## B. Timeliness of Removal

■■■ As a matter of law, where there are multiple defendants in a lawsuit, and the defendants desire to .remove a case filed in state court to federal court, the case may be removed only if all defendants consent within thirty days after service has been received by the defendants. *Yazdtchi v. Khademi,* 1995 WL 131762, 1995 U.S. Dist. LEXIS 3830 (M.D.Ala.1995). More specifically, where there are multiple defendants, such as in this case, and service has been perfected on each prior to the expiration of thirty days from the initial receipt of the complaint by the first defendant, a notice of removal shall be filed with the consent of all defendants no more than thirty days from that time. *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1342 (M.D.Ala.2000). Consent may not be implied, but rather, it must be express. *Id.* at 1346.

Section 1446(b) establishes the procedure for removal in civil cases and it says:

(b) The notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within **thirty days** after the service of summons upon the defendant if such initial pleadings has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removal, a notice of removal may be filed within **thirty days** after receipt by the defendant, through service or otherwise, of a copy of an **amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action.

28 U.S.C. § 1446(b) (emphasis added).

■■■ Although he maintains that the action should be remanded, Jerrell argues that even if this action is one that may be removed, the defendants' notice of removal is defective because it does not satisfy Section 1446(b). Jerrell argues:

Although the Joint Notice of Removal stated that "[a]ll properly joined and served Defendants consent to and join in removal of this action," the attorney for Edwards Manufacturing Company did not sign the notice of removal. It was not until November 19, 2003, more than 30 days after the first defendant was served, that a consent for removal was filed by the defendant Edwards Manufacturing Company. (Exh. A, Pacer Docket Sheet as of December 1, 2003).

(Doc. # 4, p. 2).

Jerrell is correct. For purposes of establishing the pertinent service date, the facts are undisputed. The service date is 18 October 2003. First, Ogletree and Kardoes were served on 18 October 2003 (Doc. Nos. 4 and 10, pp. 1 and 1–2, respectively). Thereafter, Kardoes Rubber was served on 20 October 2003 (Doc. Nos. 4 and 10, pp. 1 and 1). Finally, Edwards Manufacturing was served on the following day, 21 October 2003 (Doc. Nos. 4 and 10, pp. 1 and 1, respectively). Therefore, if the defendants sought removal, all of them should have expressly consented at the time the Joint Notice for Removal was filed on 17 November 2003. Without dispute, Edwards Manufacturing did not expressly consent to removal by 17 Novem-

ber 2003; rather, Edwards consented on 19 November 2003 (Doc. # 4, p. 2 and Doc. # 10, p. 2).

■ The court is mindful, as are the defendants, that "[t]he Eleventh Circuit has not decided whether to follow the last served defendant rule, or its mirror-image, the so-called 'first served defendant rule'" (Doc. # 10, p. 3, citing *Fitzgerald v. Bestway Services, Inc.*, 284 F.Supp.2d 1311, 1314 (N.D.Ala.2003)). In any case, that argument is inapplicable here for two reasons. First, the facts in *Fitzgerald* and the facts in the instant matter are different. Second, the law followed in the Middle District of Alabama, which, in the absence of clear precedent from the Court of Appeals, is controlling in this case, is very clear.[3] This district follows the "first served defendant rule".

In *Fitzgerald*, the complaint was amended and an additional defendant was served more than thirty days after the filing of the initial complaint. *See id.* at 1315. In the instant matter, the complaint was not amended and all of the defendants were served prior to the expiration of thirty days subsequent to service of the complaint on the first served defendant. All of the defendants were responding to the very same complaint.

The letter of the law is clear and it requires a strict construction of the language of the statute. *Russell Corp. v. Amer. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir.2001). *See also Yazdtchi v. Khademi*, 1995 WL 131762, 1995 U.S. Dist. LEXIS 3830 (M.D.Ala.1995); *Barton v. Lloyd's of London*, 883 F.Supp. 641 (M.D.Ala.1995). Therefore, if notice of removal was not received from all defendants by 17 November 2003, the letter of

the law was not followed, and remand is proper.

■ Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). One of the defendants in this case, Edwards Manufacturing, did not timely do so. Accordingly, the court concludes that the case must be remanded to Circuit Court of Chambers County, Alabama.

## C. Complete Diversity

■ It is undisputed that only Edwards Manufacturing is a diverse defendant. The other defendants—Kardoes Rubber and Kardoes—are Alabama residents and citizens. Where, as here, a defendant premises removal on fraudulent joinder, the defendant, as the removing party, has the burden of showing that "there is no possibility the plaintiff can establish a cause of action against the resident defendant...." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)(citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989)). The defendant must make the showing of fraudulent joinder by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962).

■ If the defendants satisfy that showing, the court may ignore the citizenship of the fraudulently joined defendant for the purposes of determining whether diversity of citizenship exists. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979). If, however, the defendants fail

---

**3.** A consent to removal must be filed within thirty days after the first defendant is served ... Neither the late filed consent nor the later assertion by counsel that the statement in-

cluded in the Notice of Removal was authorized can cure defect.

*Newman,* 109 F.Supp.2d at 1346.

to show that a party has been fraudulently joined, remand is appropriate. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 407 (M.D.Ala.1995).

 In evaluating Jerrell's allegations to determine the appropriateness of remand, the court must view factual allegations in the light most favorable to the plaintiff and must resolve uncertainties about state law in the plaintiff's favor. *Crowe*, 113 F.3d, at 1538. "If there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983))[4].

While the court must consider the allegations of the plaintiff's complaint, the court's factual inquiry at this stage is limited to determining whether the plaintiff has stated an arguable state law claim. *Id.* "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim." *Id.* The plaintiff's burden is light; for remand, there need only be a "reasonable basis for predicting that the state law might impose liability on the facts involved." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

In light of these principles, the court cannot conclude that the two Alabama defendants were fraudulently joined. Thus, because there is not complete diversity between Jerrell and the defendants, the case must be remanded.

## III. CONCLUSION

Accordingly, it is ORDERED that Jerrell's Motion for Remand due to defects in

the Notice of Removal is (Doc. # 4) is GRANTED. Plaintiff's Motion to Remand due to a lack of subject matter jurisdiction for want of complete diversity is also GRANTED (Doc. # 7).

---

4. *Coker v. Amoco, supra,* has been superseded by statute as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989).