### Greg ADAMS, Plaintiff,

v.

### CHARTER COMMUNICATIONS VII, LLC, et al., Defendants.

No. 2:04–CV–1115–F.

United States District Court, M.D. Alabama, Northern Division.

Feb. 8, 2005.

As Amended February 22, 2005.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, for Plaintiff.

Lea Richmond, IV, Thomas Lee Oliver, II, Carr Allison Pugh Howard Oliver & Sisson PC, Marcus Alexander Jaskolka, John Francis Whitaker, Sadler & Sullivan, PC, John W. Clark, Jr., Clark Dolan Morse Oncale & Hair PC, Birmingham, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

This cause is before the Court on the Petition for Remand (Doc. # 6) filed by Plaintiff, Greg Adams (hereinafter "Adams"). Adams contends that remand is appropriate because the removal of this case was untimely. For the reasons set

forth herein, the petition is due to be GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2002, Adams filed suit against Charter Communications VII, L.L.C. (hereinafter "Charter") and several fictitious defendants in the Circuit Court of Coosa County, Alabama. Adams, an Alabama resident, requested that a jury award unspecified compensatory and punitive damages against Charter, which was alleged to be a Delaware corporation, for alleged injuries Adams suffered when his truck struck guy-wires allegedly placed on Adams land by Charter. It is undisputed that Charter elected not to remove the action from the Circuit Court of Coosa County, Alabama despite the fact that the initial complaint brought the case within the subject matter jurisdiction of the federal courts pursuant to 28 U.S.C. § 1332. Instead, after being served, Charter filed its answer in the Circuit Court of Coosa County, Alabama.

After the lawsuit had been pending against Charter for more than a year, Adams filed an Amended Complaint adding two new defendants, two defendants, Ervin Cable Construction, Inc. (hereinafter "Ervin") and Crown Fiber Communications, Inc. (hereinafter "Crown"), to the lawsuit.[1] According to Adams, he was not aware of the identity of Crown and Ervin until he received certain discovery responses from Charter in July of 2003. *See* (Doc. # 5). Moreover, Adams represents that he attempted to obtain the information concerning the identities of the fictitious defendants described in the initial.

Complaint by directing discovery to Charter when the lawsuit was filed, but Charter delayed its response to the discovery and did not provide the information until after the Circuit Court of Coosa County granted a motion to compel. *Id.* After being served on January 22, 2004, Ervin filed an Answer to the Amended Complaint on February 18, 2004. Ervin made no attempt to remove the case to federal court. Adams did not accomplish service on Crown until October 19, 2004.

On November 18, 2004, Crown filed a Notice of Removal bringing the entire lawsuit before this Court. Despite having failed to attempt to remove this lawsuit from state to federal court at any earlier point in the litigation, counsel for Charter and Ervin indicated their consent to the removal by signing the Notice of Removal along with counsel for Crown. Shortly after removing the case to federal court, Crown filed a Motion to Dismiss for Failure to Prosecute (Doc. # 3) arguing that the delay between the filing of the lawsuit and the service of the lawsuit on Crown constituted grounds for dismissing the case for want of prosecution. The motion to dismiss is currently under submission. Because the Court finds that this case is due to be remanded, the Court will leave the motion to dismiss for resolution by the Circuit Court of Coosa County after remand.

On December 15, 2004, Adams filed his Petition for Remand (Doc. # 6). In his petition to remand, Adams does not argue that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Instead, the focus of Adams' argument is

---

1. According to the Notice of Removal (Doc. # 1) and a brief submitted by Adams (Doc. # 5), Adams filed an Amended Complaint which added Ervin and Crown as defendants on or about December 11 or 12, 2003. A copy of a document labeled Amended Complaint was provided to the Court as an exhibit

to the Notice of Removal and appears to have been filed with the Circuit Court of Coosa County on October 7, 2004. In either case, it is clear that the Amended Complaint adding Ervin and Crown was filed more than a year after the filing of the initial Complaint in November of 2002.

that this case is due to be remanded because it was not removed in accordance with the procedures for removal set forth in 28 U.S.C. § 1446. Adams argues that 28 U.S.C. § 1446(b) prohibits removal of this, or any case, on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after the commencement of the action. Adams also appears to argue that the "first-served defendant rule," which is the rule followed by the United States District Court for the Middle District of Alabama, requires remand of this action. In opposing remand, Crown contends that the one year time limitation for removals pursuant to jurisdiction conferred by 28 U.S.C. § 1332 only applies to cases which were not initially removable and that it does not apply to cases like this case which were removable when filed. Crown further argues that this Court should follow the lead of the United States District Court for the Northern District of Alabama as set forth in *Fitzgerald v. Bestway Serv., Inc.*, 284 F.Supp.2d 1311 (N.D.Ala.2003) and adopt the "last-served defendant rule."

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

A federal district court may exercise subject matter jurisdiction over civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.* The parties do not dispute that this case is a case in which the diversity statute can be said to confer subject matter jurisdiction on this Court.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). "Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege." *Jerrell v. Kardoes Rubber Co.*, 348 F.Supp.2d 1278, 1283 (M.D.Ala.2004) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). After a case has been removed from state to federal court, the non-removing party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Remand may also be sought on the grounds that the removing party has failed to comply with the statutory requirements for removal. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986) (ordering remand due to untimeliness of removal); *Jerrell*, 348 F.Supp.2d at 1283 (granting motion to remand where removing party failed to comply with procedural requirements regarding timing of removal set forth in 28 U.S.C. § 1446(b)). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. Indeed, the "letter of the law is clear and it requires strict construction of the language

of the [removal] statute" and "all doubts about removal must be resolved in favor of remand." *Jerrell,* 348 F.Supp.2d at 1281, 1283. In this district it has been explained that

> [a]s a general principle, the removal statutes are to be construed narrowly. Thus, even though § 1446's time requirement is not jurisdictional, the time requirement is mandatory and must be strictly applied. Timely objection to a late petition for removal will therefore result in remand.

*Webster v. Dow United Tech. Composite Prods., Inc.,* 925 F.Supp. 727, 729 (M.D.Ala.1996) (internal citations omitted) (remanding case removed more than thirty days after complaint filed and more than thirty days after plaintiff's written responses to discovery revealed basis for federal jurisdiction). *Accord, Clingan v. Celtic Life Ins. Co.,* 244 F.Supp.2d 1298, 1302–03 (M.D.Ala.2003) (granting motion to remand because defendant failed to remove case within thirty days of receipt of complaint from which it could have ascertained case was removable).

Federal law limits the period in which a defendant may exercise his removal right from state to federal court.

> The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt* by the defendant, through service or otherwise, of *a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .*
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of

jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

■■■ In cases which initially involve multiple defendants who are served on different dates or in cases such as this one, where defendants are added more than thirty days after service on the originally named defendant, application of the timing requirements of 28 U.S.C. § 1446(b) presents a special problem. In such situations, courts must decide whether the thirty-days for removing the action commences once when the first-served defendant is served with the summons and complaint or whether each defendant gets a new thirty-day window for removing the case which commences when each defendant is served. The first approach is known as the "first-served defendant rule." The second is known as the "last-served defendant rule." The Circuit Courts of Appeals have split on which rule to adopt. The Eleventh Circuit Court of Appeals has not adopted either approach. District courts within the Eleventh Circuit Court of Appeals have not unanimously adopted one rule over the other. Prior decisions of the United States District Court for the Middle District of Alabama have clearly adopted the "first-served defendant rule" followed by the United States Court of Appeals for the Fifth Circuit and other courts. *See, e.g., Jerrell,* 348 F.Supp.2d at 1281 (McPherson, J.) (This district follows the "first served defendant rule."); *Jeffcoat v. American Gen. Life & Accident Ins. Co.,* Civil Action No. 01–D–325–N, 2001 WL 611196 at *2–*3 (M.D.Ala. May 16, 2001) (DeMent, J.) (adopting the "first-served rule" under which the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint as set forth by *Brown v. Demco, Inc.,* 792 F.2d 478 (5th

Cir.1986)). Whatever this Court might think of the relative merits of the "first-served defendant rule" and the "last-served defendant rule," in the absence of direction from either the United States Supreme Court or the Eleventh Circuit Court of Appeals, this Court will not deviate from the path selected by the other judges of this district. Accordingly, the Court finds that the "first-served defendant rule" is applicable to this case.

The application of the "first-served defendant rule" to this case is rather straight-forward and requires remand. Charter is the defendant first served with Summons and Complaint in this case. That service occurred more than thirty-days prior to Crown's removal of this action. Accordingly, the removal is untimely. The fact that Crown was not a named or identified party defendant at the time the thirty-day period expired does not alter the application of the "first-served defendant rule." *See, generally, Brown,* 792 F.2d 478. Indeed, the *Brown* case which helped established the "first-served defendant rule" and which has been followed by this district involves a very similar fact pattern to the one which exists in this case. Accordingly, consistent with the reasons articulated in *Brown,* the Court finds that this case is due to be remanded. Due to this finding, the Court need not address the merits of Adams argument that the one year limitation on removals pursuant to 28 U.S.C. § 1332 applies to this case.

## CONCLUSION

Having considered the arguments offered in support of and in opposition to remand, the Court finds that Adams' Petition for Remand (Doc. # 6) is due to be granted. Accordingly, it is hereby ORDERED as follows:

1. Adams' Petition for Remand (Doc. # 6) is GRANTED.

2. This case is REMANDED to the Circuit Court of Coosa County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand and to close this file.

4. Any pending motions are left for resolution by the Circuit Court of Coosa County, Alabama.