**MITSUI LINES LTD., Plaintiff,**

v.

**CSX INTERMODAL INC., CSX Transportation Inc. and Florida East Coast Railway LLC., Defendant.**

**Case No. 08–20974–CIV.**

United States District Court, S.D. Florida.

July 11, 2008.

Jonathan Scott Cooper, Robert William Blanck, Blanck & Perry, Miami, FL, for Plaintiff.

Hyman Hillenbrand, DeOrchis Hillenbrand Wiener & O'Brien LLP, Fort Lauderdale, FL, for Defendants CSXT and CSXI.

Jose Alfredo Gutierrez, Melkus Fleming & Gutierrez, Tampa, FL, for Defendant FEC.

## ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND; (2) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DECLARATION; AND (3) REMANDING CASE

PATRICIA A. SEITZ, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand [DE–3] and Plaintiff's Motion to Strike Declaration of Hyman Hillenbrand [DE–11]. Plaintiff argues that Defendants did not timely satisfy the unanimity requirements for removal. Having reviewed the pending motions, the responses and replies, and the record as a whole, the Court will grant Plaintiff's Motion for Remand [DE–3], deny as moot Plaintiff's Motion to Strike Declaration of Hyman Hillenbrand [DE–11], and remand the case to the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

## I. BACKGROUND

On March 17, 2008, Plaintiff sued four defendants: CSX Intermodal, Inc. ("Inter-

modal"), CSX Transportation ("CSXT"), CSX Corporation, and Florida East Coast Railway LLC ("FEC") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida. Plaintiff served the Original Complaint on Defendants Intermodal and CSX Corporation on March 18, 2008, and on Defendant FEC on March 25,2008 [DE–6]. Plaintiff did not serve Defendant CSXT. On April 7, 2008, Plaintiff served an Amended Complaint on Defendants Intermodal and CSXT. [*Id.*] Defendant FEC was named in but was not served with the Amended Complaint. [*Id.*] Defendant CSX Corporation was not named as a defendant in the Amended Complaint. [*Id.*]

On April 9, 2008, Defendant CSXT[1] removed the case to this Court on the bases of diversity jurisdiction under 28 U.S.C. § 1332 and federal question under 28 U.S.C. §§ 1331, 1337(a) [DE–1]. The Notice of Removal stated that "[c]o-defendants CSX Intermodal Inc. and Florida East Coast Railway LLC have consented to this removal, and in the Amended Complaint, Plaintiff has dismissed CSX Corporation." [*Id.* ¶ 8.] Hyman Hillenbrand, counsel for Defendants Intermodal and CSXT, signed the Notice of Removal; Defendant FEC did not sign the Notice of Removal. [*Id.*] On April 14, 2008, several days after the case was removed to federal court, Defendant FEC filed a Motion to Dismiss in the state court. [DE–3, pp. 5–6.]

On May 2, 2008, Plaintiff moved to remand the case, arguing that Defendant FEC had not explicitly stated its consent to the Court and thus was not properly joined in the removal petition. [DE–3.] On May 7, 2008, Defendant FEC filed a consent to removal with its Answer, stating that it "expressly consents to the removal of this action to Federal Court ..." [DE–5]. Defendants CSXT and Intermodal and Defendant FEC filed separate oppositions to the motion to remand [DE–6 and 7]. After Plaintiff filed a Reply to both oppositions, Defendants CSXT and Intermodal filed an affidavit in support of its opposition [DE–10], which Plaintiff seeks to strike as an improper Sur–Reply [DE–11].[2]

## II. LEGAL STANDARD

 A defendant may remove to federal court a civil case filed in state court if the plaintiff originally could have brought the case in federal court. 28 U.S.C. § 1441(a). However, any defect in the removal procedure is grounds for remand. 28 U.S.C. § 1447(c); *see Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1044 and 1049 (11th Cir.2001) (citation omitted). Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329 (11th Cir.1998). The removing party bears the burden of demonstrating that removal was proper. *Id.*

 A defendant must file its notice of removal within thirty (30) days of service of a pleading which sets forth a basis for removal. 28 U.S.C. § 1446(b). This thirty-day period begins to run as to *all* defendants when the first defendant is served. *See Jones v. Florida Department of Children & Family Services,* 202

---

1. Plaintiff's Motion to Remand incorrectly states that Defendant Intermodal filed the Notice of Removal. [*See* DE–3, p. 2.]

2. The parties' litany of pleadings on the collateral issue of this declaration has become a tempest in a teapot, which does not reflect the level of professionalism the Court knows counsel is capable of and expects. The Court accepts Attorney Hillenbrand's representation as an officer of the court that he received consent from FEC's General Counsel to remove the instant case.

F.Supp.2d 1352, 1355 (S.D.Fla.2002) (citing *In re Ocean Marine Mut. Prot. and Indem. Ass'n*, 3 F.3d 353, 355–56 (11th Cir. 1993)).[3] The "unanimity requirement" mandates that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest consent for removal to be proper within the meaning of § 1447(c). *See Russell Corp.*, 264 F.3d at 1044, 1049 (citation omitted).

■ Some district courts in the Eleventh Circuit have disagreed as to what constitutes "joinder" and what is required to effectuate "consent." *See, e.g., Jones*, 202 F.Supp.2d at 1355 (citations omitted) (noting disagreement in earlier cases and holding that mere assertion in the removal petition that all defendants consent to removal fails to satisfy the joinder requirement). Circuit courts rarely address these issues as orders of remand to the state court are not reviewable on appeal. *See Russell Corp.*, 264 F.3d at 1044 (citing *In Re Ocean Marine Mut. Prot. And Indem. Ass'n.*, 3 F.3d 353, 355 (11th Cir.1993)). However, the Fifth Circuit has addressed the issue of timely consent by all defendants:

> [W]hile it may be true that consent to removal is all that is required under section 1446, *a defendant must do so itself.* This does not mean that each defendant must sign the original petition for removal, but there must be some **timely filed written indication** from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has **actually consented to such action. Otherwise there would be nothing on the**

---

**3.** The Eleventh Circuit has not yet addressed whether the thirty-day time period on removal begins to run with service of the first defendant (the "first-served rule") or service of a subsequently-served removing defendant (the "later-served rule"). *See C.L.B. v. Frye*, 469 F.Supp.2d 1115, 1119 (M.D.Fla.2006) (citations omitted). The Court recognizes that other Circuits—and courts within this Circuit—have held that each defendant has thirty days from the date of its own service to file a notice of removal. *See Marano Enters. of Kansas v. Z–Teca Rests., L.P.*, 254 F.3d 753 (8th Cir.2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999); *Frye*, 469 F.Supp.2d at 1120 (following the "later-served rule" where plaintiff waited twenty-eight (28) days after serving the first-served defendant to serve the defendant who did not join the removal petition and did not file the return of service for the later-served defendant until the first-served defendant's thirty (30) day period had passed).

While the Court sympathizes with the argument that equity favors allowing a later-served defendant to reactivate the 30–day removal clock, after considering the language of the removal statute, the weight of the unanimity case law, and the case management issues the "later-served rule" can create, the Court will follow other courts in applying the "first-served rule." *See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988); *Nationwide Anesthesia Services, Inc. v. Diaz*, 442 F.Supp.2d 1231, 1232 (M.D.Fla.2006) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986)); *Cartee v. Precise Cable Const., Inc.*, 2005 WL 2893951, *3 (S.D.Ala. Nov. 1, 2005); *Adams v. Charter Comm. VII, LLC*, 356 F.Supp.2d 1268, 1273 (M.D.Ala.2005); *Jerrell v. Kardoes Rubber Co., Inc.*, 348 F.Supp.2d 1278, 1283 (M.D.Ala. 2004); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F.Supp.2d 1336, 1345–46 (M.D.Fla.2003); *Faulk v. Superior Industries International, Inc.*, 851 F.Supp. 457 (M.D.Fla.1994); *Noble v. Bradford Marine, Inc.*, 789 F.Supp. 395, 397 (S.D.Fla.1992). The first-served defendant rule is the logical result of the unanimity requirement; the first-served defendant who chooses not to remove within its thirty days should not be allowed to later consent to removal by a subsequently-served defendant. The first-served defendant's decision not to remove within thirty days indicates to the plaintiff—who is master of the complaint and entitled to select a forum—that this defendant does not consent to removal and the case will remain in state court.

record to "bind" the allegedly consenting defendant.

*Getty Oil Corp. v. Insurance Co. of N.A.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988) (emphasis added). Based on this analysis, all defendants must inform the Court of their consent and/or joinder in a manner that is 1) timely and 2) binding. *See, e.g., Jones,* 202 F.Supp.2d at 1355; *Lampkin v. Media General, Inc.,* 302 F.Supp.2d. 1293, 1295 (M.D.Ala.2004) (citation omitted) (noting that "an official, affirmative, and unambiguous joinder or consent to ... [the] notice of removal" is required).

## III. DISCUSSION

■ The issue before the Court is whether Defendant FEC manifested its consent in a manner that was timely and binding. The thirty-day clock for removal began to run on March 18, 2008, when the Complaint was served on Defendants CSXT and Intermodal, giving all defendants until April 17, 2008, to take binding action manifesting their consent to removal. On April 9, 2008, Defendant CSXT filed its Notice of Removal stating that Defendants Intermodal and FEC consented to the removal [DE–1]. However, it was not until May 7, 2008, that Defendant FEC filed a written notice before the Court indicating its consent; Defendant FEC did not take any binding action manifesting its consent to removal before May 7, 2008, and in fact filed an answer in state court in the interim. Given the fact that Defendant FEC could have simply filed a notice of appearance in the state court or even a request for extension of time until removal was effected to avoid any default issue, the filing of an answer in state court demonstrates an election, in the record, to remain there.

Defendant CSXT reports that it obtained "explicit consent and authority" from FEC both orally and via e-mail on April 4, 2008 [DE–6, p. 2]. To support this statement, Defendant CSXT attaches an April 4, 2008 e-mail sent on behalf of Heidi Eddins, FEC General Counsel, stating "this will serve as my concurrence with your intention on behalf of CSX [4] to remove the above styled case to federal court. Heidi Eddins" [DE–6, Ex. A]. While the Court has no reason to doubt Defendant CSXT's statement that it did in fact obtain consent from Defendant FEC, the fact remains that Defendant FEC did not take binding action to manifest that consent in a timely manner until May 7, 2008, nearly three weeks after the thirty-day period expired.[5] Though the result may seem harsh, statutes that limit federal jurisdiction are always strictly construed and a procedural defect in removal—no matter how trivial or inadvertent—is grounds for remand. *See Beard v. Lehman Bros. Holdings, Inc.,* 458 F.Supp.2d 1314, 1318 (M.D.Ala.2006).[6]

4. Given that the email is directed to Attorney Hillenbrand, "CSX" likely refers to Defendants CSXT and Intermodal.

5. Two persons authorized to consent to removal on behalf of Defendant FEC were: Heidi Eddins, FEC General Counsel, and C. Ryan Eslinger, FEC outside counsel. In explaining why Defendant FEC filed a motion to dismiss in the state court after the case had been removed to this Court, Mr. Eslinger states that his office received the Notice of Removal on April 15, 2008 [DE 7–2, ¶ 3]. He also notes that counsel believed that Defendant FEC's consent was filed on April 21, 2008 [DE–7, p. 2]. These explanations do not change the fact that Defendant FEC missed its April 17, 2008 deadline to take binding action informing the Court of its consent.

6. Other courts, including *Beard*, have held that failure to successfully join the removal petition is a substantial procedural defect, not a minor technical one. *Id.* at 1322 (citation omitted). In Beard, the defendants alleged that their attorneys jointly produced the Notice of Removal and that one attorney was authorized to sign the Notice on behalf of the

Defendants CSXT and Intermodal rely on two cases to argue that Defendant CSXT's assertion that the other two defendants consented is sufficient to inform the Court of their consent. These two cases are distinguishable. In *Engle, M.D. v. R.J. Reynolds Tobacco Co.*, the court held that "based on the Defendants' statements of joinder in the Notice of Removal [signed by one attorney 'on behalf of all defendants'], *coupled with the appearance of all the Defendants at the Status Conference before the [Court]*, this Court finds that all Defendants sufficiently joined in and consented to removal." 122 F.Supp.2d 1355, 1359 (S.D.Fla.2000) (emphasis added). In the instant case, Defendant CSXT noted that the other defendants consented to the removal but did not purport to sign the Notice of Removal on their behalf. More importantly, the parties in this case have not appeared before the Court to manifest unanimous consent; the only binding action Defendant FEC has taken to manifest its consent to the Court is the May 7, 2008 filing of its consent to removal.

In *Gay v. Fluellen*, the second case upon which Defendants rely, the court noted that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty day period prescribed in § 1446(b)," and held that an attorney's consent on behalf of a defendant he would represent once that defendant was served was binding. 2007 WL 676219, *3 (M.D.Fla. Mar. 1, 2007). This case is also inapposite; counsel for Defendants CSXT

and Intermodal did not manifest consent on behalf of a yet-to-be-served client. Defendants have separate counsel and Defendant FEC did not timely manifest its consent.

Defendants' attempt to distinguish this case from *Jones* is equally unavailing. A defendant must take an affirmative step to manifest binding consent to the Court. 202 F.Supp.2d at 1355. Whether the defendant filing the Notice of Removal notes that defendants who did not sign will take such a step, as occurred in *Jones*, or whether the Notice of Removal is silent as to the plans of non-signing defendants, as occurred in this case, is irrelevant. The relevant inquiry is whether all defendants timely manifested binding consent and, in this case, Defendant FEC did not.

## IV. CONCLUSION

Defendant FEC did not manifest its binding consent to removal to the Court before the thirty-day period to do so expired. Accordingly, it is hereby

ORDERED THAT:

(1) Plaintiffs' Motion to Remand [DE–3] is GRANTED;

(2) Plaintiffs' Motion to Strike Defendant CSXT's Affidavit [DE–11] is DENIED AS MOOT;

(3) Any motions not otherwise disposed of in this Order are DENIED AS MOOT; and

(4) This case is REMANDED to the Circuit Court of the Eleventh Judicial

other defendants' attorneys. *Id.* at 1320. To support this allegation, defendants' attorneys filed affidavits, emails, and draft signature pages. *Id.* The court noted that the Notice of Removal "provide[d] nothing more than a blanket assertion by some defendants that all defendants consent" and that the evidence of cooperation between defendants was not presented to the court until *after* the plaintiff filed a motion to remand. *Id.* In remanding the case, the court noted that the defendants' notice of correction to their removal petition was filed forty-seven days after service of the complaint on the first-served defendants. *Id.* at 1321.